**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES, | No. 18-35197 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05145-RJB |
| v. | |
| MAGGIE MILLER-STOUT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 27, 2018[**]

Before:      CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Joel Christopher Holmes, a former Washington state prisoner, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

First Amendment retaliation and Religious Land Use and Institutionalized Persons

Act ("RLUIPA") claims related to his filing of a kiosk message to prison staff.  We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Holmes's First Amendment retaliation claims against defendants Douglas and Miller-Stout because those claims are barred by the statute of limitations. *See* Wash. Rev. Code 4.16.080(2) (providing three-year statute of limitations for personal injury actions); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions).

The district court properly granted summary judgment on the basis of qualified immunity on Holmes's First Amendment retaliation claim against defendant Lawrence because Holmes failed to establish that Lawrence's conduct violated Holmes's clearly established constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (citation and internal quotation marks omitted)); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (courts should not define clearly established law "at a high level of generality").

The district court properly granted summary judgment on Holmes's RLUIPA claim for damages because RLUIPA does not authorize a claim for

damages against state officials sued in their official or individual capacities. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (recognizing that RLUIPA does not authorize suits for money damages against state officials in their official or individual capacities).

The district court properly dismissed Holmes's § 1983 and RLUIPA claims for injunctive relief as moot because Holmes was released from Washington State Department of Corrections custody in 2014 and there is no reasonable expectation that defendants will violate his rights in the future. *See id.* (holding that former inmate's RLUIPA claims for injunctive relief were moot given inmate's release from prison).

We do not consider issues not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35197